

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00257-CR
No. 07-15-00258-CR
_____

MICHAEL D. THOMAS AKA MICHAEL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from Criminal District Court No. 2
Tarrant County, Texas[1]
Trial Court Nos. 1370095D and 1370096D; Honorable Wayne Salvant, Presiding

December 30, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Based on open pleas of guilty, Appellant, Michael D. Thomas aka Michael

Thomas, was convicted of two counts of attempted robbery, lesser included offenses of

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

the offenses charged, and sentenced to concurrent seven year terms of confinement.[2] In presenting these appeals, Appellant's counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of both records, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the records and file a *pro se* response if he desired to do so,[4] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted

---

[2] Appellant was initially charged with robbery, a second degree felony, TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011), but was convicted of the lesser included offense, a third degree felony. *Id.* at § 15.01(d).

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

The victims, a husband and wife, operated a restaurant/convenience store. In May 2014, Appellant entered the premises and asked for change. He left but returned accompanied by his co-defendant, a female companion. The female tried to grab a jar on the counter labeled "tips." A struggle over the jar ensued and the victims were both injured. The husband was struck on his head multiple times with a plastic crate and suffered lacerations. His injuries required a hospital visit where he was treated with stitches and staples. His wife suffered an abrasion to her left wrist but did not require medical attention.

The victims gave police officers the license plate number of the car Appellant was driving. He was stopped the following day and apprehended. He was convicted in cause number 1370095D of attempted robbery of the husband and in cause number 1370096D of attempted robbery of the wife.

ANALYSIS

By the *Anders* brief, counsel raises the sufficiency of the evidence to support Appellant's convictions and whether Appellant was properly admonished as to the consequences of his pleas as possible arguments on appeal. After thoroughly reviewing the record, he concludes there are no issues to present for appellate review.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*,

488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgments are affirmed and counsel's motions to withdraw are granted.

Patrick A. Pirtle
Justice

Do not publish.